## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, ) ) ) )<br><br>Plaintiff, )<br> )<br>v. )<br> )<br> )<br>TRADE EXCHANGE NETWORK )<br>LIMITED, an Irish company, and INTRADE )<br>THE PREDICTION MARKET )<br>LIMITED, an Irish company, )<br> )<br>Defendants. )<br> ) | Civil Action No. 12-1902 (RWR) |

### THE PARTIES' JOINT RULE 16.3 STATEMENT

The U.S. Commodity Futures Trading Commission ("CFTC" or "Commission" or "Plaintiff") and Trade Exchange Network Limited ("TEN") and Intrade The Prediction Market Limited ("Intrade") (TEN and Intrade, together, "Defendants") hereby submit a "Joint Rule 16.3 Statement" pursuant to this Court's April 4, 2013 *Order For Initial Scheduling Conference* ("April 4 Order"), and state as follows:

**A. Procedural Background**

1. On November 26, 2012, the CFTC filed a three-count complaint against the Defendants ("Complaint") alleging that, during the periods described in the Complaint, the Defendants violated a number of provisions of the of the Commodity Exchange Act ("Act" or "CEA"), and the Act as amended, 7 U.S.C. §§ 1 *et seq.* (2006 & Supp. IV 2012), and a number of the Commission's Regulations ("Regulations") promulgated thereunder. Plaintiff's brief

statement of the case and the statutory basis for all counts of the Complaint is set forth in Part C.1 below.

2.      On March 27, 2013, the Defendants filed their answer to the Complaint denying the allegations set forth therein and asserting defenses.  Defendant's brief statement of the case and the statutory basis for all defenses to Complaint is set forth in Part C.2 below.

3.      On April 17, 2013, the parties convened a conference as required by Rule 26(f) of the Federal Rules of Civil Procedure and Rule 16.3(a) of the Local Civil Rules.  During that conference, the parties:

    a.   discussed the matters set forth in Rule 26(f)(2) of the Federal Rules of Civil Procedure;

    b.   discussed the matters set forth in Rules 16.3(a) and 16.3(c) of the Local Civil Rules, as described below; and

    c.   discussed the Discovery Schedules set forth in Appendix I to the April 4 Order, and agreed upon the "Complex Cases" schedule set forth in Appendix I, as set forth below.

**B.  Matters Discussed By the Parties Pursuant to Local Rule 16.3(c)**

**(1) QUESTION**:  Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**ANSWER**:  Both the Plaintiff and the Defendants, each from their respective positions, believe that this case may be disposed of by motion(s) for summary judgment following the completion of discovery.  No dispositive motion has yet been filed in this case.

**(2) QUESTION**:  The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**ANSWER:**  The parties do not anticipate joining other parties or amending the pleading at this time.  Should the need to amend the pleadings or join additional parties arise in the future, the parties will follow the procedures set forth in the Federal Rules of Civil Procedure.  There are no factual or legal issues that have yet been agreed to or narrowed by the parties.

**(3) QUESTION**:  Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**ANSWER**:  No.

**(4) QUESTION**:  Whether there is a realistic possibility of settling the case.

**ANSWER**:  The parties have agreed to discuss the possibility of settlement.

**(5) QUESTION**:  Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**ANSWER**:  The parties have discussed whether resolution by ADR would be appropriate in this case.

Plaintiff is a U.S. federal regulatory agency seeking to permanently enjoin Defendants from violating the Act, the Act as amended, and Regulations.  In addition, Plaintiff is seeking other equitable relief (*e.g.*, rescission of contracts, disgorgement, trading and registration bans) and civil monetary penalties.  Given that this is not a lawsuit between private parties, but rather a federal enforcement action by a federal regulator, Plaintiff does not believe that ADR would be beneficial in this case.

Defendants believe that at this time, formal ADR procedures are not likely to be useful, and that good faith discussions between counsel for the Defendants and the Commission are likely to be more fruitful.

**(6) QUESTION**:  Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**ANSWER**:  Plaintiff and Defendants, each from their respective positions, believe that this case may be disposed of by motion(s) for summary judgment following the completion of discovery.  The parties propose that all dispositive motions be filed within 30 days after the close of all discovery, and that all opposition and reply briefs be filed in accordance with a briefing schedule to be set by the Court based on the complexity of the issues addressed in the parties' respective motions.

**(7)  QUESTION**:  Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

**ANSWER**:  The parties agree that the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure should not be dispensed with, and agree that no changes should be made in the scope, form or timing of the disclosures.

**(8) QUESTION**:  The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**ANSWER**:  The parties set forth below a proposed discovery schedule using the "Complex Cases" schedule set forth in Appendix I to the April 4 Order.  The parties agree to the limits on interrogatories and depositions set forth for "Complex Cases" set forth in Appendix I.

| Discovery | Number of Days From Date of Initial Scheduling Conference Held May 10, 2013 | Deadline |
|---|---|---|
| Initial Disclosures | 60 | July 9, 2013 |
| Deadline for Post – R. 26(a) Discovery Requests | 90 | August 8, 2013 |
| Proponent's R. 26(a)(2) Statements (Expert Disclosures) | 120 | September 9, 2013 |
| Opponent's Rule 26(a)(2) Statements (Expert Disclosures) | 150 | October 7, 2013 |
| Expert Depositions | 150 to 180 | November 6, 2013 |
| All discovery closed | 180 | November 6, 2013 |
| Final Date for Filing Dispositive Motions | 210 | December 6, 2013 |

Regarding a protective order, the issue has not yet arisen with respect to any specific type of information potentially needing protection.  However, the parties agree in principle that an order protecting personal identifying information and certain proprietary corporate information, including financial materials, trade secrets and other materials warranting protection, may be desirable.  Should the need arise, the parties will discuss whether or not a protective order concerning other information would be appropriate.

**(9) QUESTION**: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

**ANSWER**: The parties agree that there should be no modification regarding the requirements for the exchange of expert witness reports and information pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.  The parties also agree that expert depositions should take place following the submission of expert report(s) and any rebuttal report(s), and have set forth a proposed schedule for those depositions.

**(10) QUESTION**:  In class actions, appropriate procedures for dealing with Rule 23, F.R.Civ.P. proceedings, including the need for discovery and the timing thereof, dates for

5

filing a Rule 23 motion, and opposition and reply, and for oral argument and/or
an evidentiary hearing on the motion and a proposed date for decision.

   **ANSWER**:  Not Applicable.

   **(11) QUESTION**:  Whether the trial and/or discovery should be bifurcated or managed
in phases, and a specific proposal for such bifurcation.

   **ANSWER:**  The parties agree that, at the present time, this case should not be bifurcated

or managed in phases.

   **(12) QUESTION:**  The date for the pretrial conference (understanding that a trial will
take place 30 to 60 days thereafter).

   **ANSWER:**  The parties agree that the setting of the date for the pretrial conference

should be deferred until all dispositive motions (if any) have been filed, and the Court has

entered its ruling on the motion(s).

   **(13) QUESTION:**  Whether the Court should set a firm trial date at the first scheduling
conference or should provide that a trial date will be set at the pretrial conference from 30 to 60
days after that conference.

   **ANSWER:**  The parties agree that the trial date should be set at the pretrial conference.

   **(14) QUESTION:**  Such other matters that the parties believe may be appropriate for
inclusion in a scheduling order.

   **ANSWER:**  Nothing at this time.

   **C.  <u>Statement of the Case, Causes of Action, and Defenses</u>**

**1.   <u>Plaintiff's Statement of the Case</u>**

   Count I of the Complaint alleges that, during the period September 2007 to June 25, 2012

("relevant period"), TEN and Intrade violated Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2006), and

Regulation 32.11, 17 C.F.R. § 32.11 (2011), by offering for trading to U.S. customers, confirming

the execution of trades, and soliciting and accepting orders (and funds) from U.S. customers to trade,

commodity options contracts ("options" or "binary options") not excepted or exempted from the

Commission's ban on trading options off-exchange.  Count II of the Complaint alleges that, during the relevant period, TEN violated Section 6c of the Act, 7 U.S.C. § 13a-1 (2006 & Supp. IV 2012), by violating a 2005 Commission Order that required TEN, among other things, to cease and desist from violating Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Regulation 32.11, 17 C.F.R. § 32.11 (2004).  Count III of the Complaint alleges that, during the relevant period, TEN and Intrade violated Section 9(a)(3) of the Act, 7 U.S.C. § 13(a)(3) (2006), by knowingly filing CFTC Form 5 Annual Certifications with the Commission in 2009 (for the year 2008) and in 2010 (for the year 2009) which contained false information.

The Complaint alleges that in 2005 the Commission filed an administrative action against TEN for violating the Act and Regulations, by offering for trading to U.S. customers, confirming the execution of, and soliciting and accepting orders from U.S. customers for the trading of, binary options prohibited by the Commission's ban on trading off-exchange options.  TEN agreed to settle the matter simultaneously with the Commission's filing and consented to the entry of an administrative order (the "2005 Order") finding that, from at least January 2003 through May 2005, TEN, through its affiliated websites including www.intrade.com, violated Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Regulation 32.11, 17 C.F.R. § 32.11 (2004), by offering for trading to U.S. customers, and soliciting and accepting orders from U.S. customers for the trading of, options not excepted or exempted from the Commission's ban on trading options off-exchange.

The 2005 Order contained a non-exclusive list of the binary options offered for trading by TEN on its trading websites that were of particular concern to the Commission at that time, including a Daily Crude Oil contract, a Gold Futures Year End 2005 contract, a Light Sweet Crude Oil Futures Year End contract, an Intraday Euro versus U.S. Dollar Rate contract, a U.S.

Dollar versus Yen Cash Rate contract, and a Scheduled Federal Open Market Committee Rate Announcements contract.

As part of its settlement, TEN agreed to cease and desist from further violations of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Regulation 32.11, 17 U.S.C. § 32.11 (2004), and to abide by certain undertakings, including, among others, agreeing to inform TEN's U.S. customers "what contracts are unavailable to them to trade" on the TEN trading websites "by utilizing a pop-up notice that will appear when [U.S.] customers attempt to enter orders on those contracts."  TEN also agreed to cooperate with the Commission in any future investigation relating to the subject matter of the 2005 Order.

Notwithstanding the 2005 Order, during the period from September  2007 to June 25, 2012 (the "Relevant Period"), TEN, by and through its employees and agents, used its affiliated website www.intrade.com, to continue to offer for trading to U.S. customers, and to solicit and accept orders (and funds) from U.S. customers for the trading of options off-exchange, in violation of:  the 2005 Order, and thus in violation of Section 6c of the Act, and the Act as amended, 7 U.S.C. § 13a-1 (2006 & Supp. IV 2011); Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2006); and Regulation 32.11, 17 C.F.R. § 32.11 (2011).  TEN also failed to abide by certain undertakings set forth in the 2005 Order, also in violation of Section 6c of the Act, and the Act as amended.  7 U.S.C. § 13a-1 (2006 & Supp. IV 2011).  (See Counts I and II of the Complaint).

The Complaint also alleges that, during the relevant period, Intrade, a company owned and operated by TEN, by and through it employees and agents, offered for trading to U.S. customers binary options contacts off-exchange, confirmed the execution of those trades, and solicited and accepted orders (and funds) through the www.intrade.com website from U.S. customers for the trading of binary option contracts off-exchange, including binary options

betting on the future prices of gold and crude oil, and changes in the U.S. unemployment rate and U.S. gross domestic product figures.

In order for these binary options to be legal, TEN and Intrade were required, pursuant to Section 5d(a) and (b) of the Act, 7 U.S.C. § 7a-3(a) and (b) (2006), to restrict the offering, soliciting and accepting orders (and funds) to trade these contracts to "eligible contract participants" ("ECPs"), as defined in Section 1a(12)(xi) of the Act, 7 U.S.C. § 1a(12)(xi) (2006), as amended (and renumbered), 7 U.S.C. § 1a(18)(xi) (Supp. IV 2012).  Because Intrade through its website did not restrict itself to offering, soliciting and accepting orders (and funds) for trading binary options to ECPs, Intrade and TEN violated Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2006), and Regulation 32.11, 17 C.F.R. § 32.11 (2011).   (See Count I of the Complaint).

Finally, the Complaint alleges that, during the relevant period, TEN and Intrade violated Section 9(a)(3) of the Act, 17 U.S.C. § 13(a)(3) (2006), by knowingly filing "Annual Certification" forms with the Commission, which forms were required to be filed pursuant to Regulation 36.2(c)(3), 17 C.F.R. § 36.2(c)(3) (2011), falsely representing that trading on the Intrade website was "limited to eligible contract participants," as required by the Act.  Contrary to these representations, Intrade offered, solicited and accepted orders (and funds) for trading binary options to U.S. customers who did not qualify as ECPs, as defined in the Act.   (See Count III of the Complaint).

The Complaint seeks against the Defendants a finding of violations, a permanent injunction, other equitable relief (*e.g.*, rescission of contracts, disgorgement, trading and registration bans) and civil monetary penalties.

2.      **Defendants' Statement of the Case and Defenses**

At this time, Defendants are attempting to gather information relating to the Commission's claims, and therefore are not fully informed as to what defenses are or may be available to the Commission's claims.  Therefore, Defendants reserve the right to assert such other defenses as they may become aware during the course of this litigation.

Neither TEN nor Intrade violated the 2005 Order, during the Relevant Period.  Any transactions conducted with U.S. customers during the Relevant Period was not within the scope of the 2005 Order, did not violate the terms of the 2005 Order, and in no way violated any provision of the Act or the regulations promulgated pursuant thereto.

Further, during the Relevant Period, neither TEN nor Intrade offered for trading to U.S. customers binary options contracts off-exchange (as those terms are defined and understood by law), nor did they solicit or accept orders (and funds) subject to the oversight or regulation of the Commission, or which were prohibited by law.

In fact, neither TEN nor Intrade currently conducts any U.S. business whatsoever.

In addition, neither TEN nor Intrade knowingly filed any "Annual Certification" forms with the Commission which contained any false representation.  TEN and Intrade further intend to assert the various affirmative defenses set forth in its Answer, including an assertion that this Court lacks subject matter jurisdiction over the Commission's claims.  These defenses include a contention by TEN and Intrade that the Commission's attempt to prohibit TEN and Intrade from conducting their business constitutes an infringement of TEN and Intrade's First Amendment rights.

Dated:  May 3, 2013

Respectfully submitted,

ATTORNEYS FOR DEFENDANTS
TRADE EXCHANGE NETWORK
LIMITED AND INTRADE THE
PREDICTION MARKET LIMITED

ATTORNEYS FOR PLAINTIFF
U.S. COMMODITY FUTURES
TRADING COMMISSION
1155 21st Street NW
Washington, D.C.   20581


 /s/ *Timothy Hyland*
Timothy Hyland
IFRAH PLLC
1717 Pennsylvania Avenue, Suite 650
Washington, D.C. 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
*thyland@ifrahlaw.com*
(D.C. Bar No. 988498)

 /s/ *Kathleen Banar*
Kathleen Banar
Telephone:  (202) 418-5335
Facsimile:  (202) 418-5987
*kbanar@cftc.gov*
(Ill. Bar No.:  6200597)


David S. Slovick
Telephone:  (202) 418-5451
Facsimile:  (202) 418-5987
*dslovick@cftc.gov*
(Ill. Bar No.:  6257290)

A. Jeff Ifrah
IFRAH PLLC
1717 Pennsylvania Avenue, Suite 650
Washington, D.C. 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
*jeff@ifrahlaw.com*
(D.C. Bar No. 456661)

## CERTIFICATE OF SERVICE

I, Kathleen Banar, hereby certify that on May 3, 2013, I served a true and correct copy of

***The Parties' Joint Rule 16.3 Statement*** with the Clerk of Court using the CM/ECF system

which will automatically send email notification of said filing to the following attorneys of

record:

**Timothy Hyland**
IFRAH PLLC
1717 Pennsylvania Avenue, Suite 650
Washington, D.C. 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
*thyland@ifrahlaw.com*
(D.C. Bar No. 988498)

**A. Jeff Ifrah**
IFRAH PLLC
1717 Pennsylvania Avenue, Suite 650
Washington, D.C. 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
*jeff@ifrahlaw.com*
(D.C. Bar No. 456661)

*/s/ Kathleen Banar*
Kathleen Banar