**FILED**

NOV 2 2 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, ) ) ) ) Plaintiff, ) ) v. ) ) ) TRADE EXCHANGE NETWORK ) LIMITED, an Irish company, and INTRADE ) THE PREDICTION MARKET ) LIMITED, an Irish company, ) ) Defendants. ) ) | Civil Action No. 12-1902 (RCL) |

## ORDER RELATING TO THE PRODUCTION OF CONFIDENTIAL INFORMATION BY THE COMMISSION

Pursuant to Plaintiff Commodity Futures Trading Commission's ("Commission") Unopposed Motion for Entry of an Order Relating to the Production of Confidential Information ("Motion") by the Commission, and upon a showing of good cause, the Court hereby GRANTS the Motion and ORDERS that:

**I.   Purpose.**

This Order constitutes a court order within the meaning of the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. § 552a(b)(11) and implementing regulations, providing a basis for release of the requested documents and records to Defendants Trade Exchange Network Limited ("TEN") and/or Intrade the Prediction Market Limited ("Intrade") (collectively, "Defendants") without obtaining prior written consent of the individuals to whom the records pertain, pursuant to the Privacy Act, 5 USC § 552a(b)(11), and Rule 26(c) of the Federal Rules of Civil Procedure.

1

Except as otherwise stated in this Order, the Commission shall produce, in response to a valid discovery request, discoverable information in its possession, custody or control in accordance with the Rule 16 Scheduling Order. If TEN and/or Intrade request otherwise discoverable information from the Commission that is required to be protected, the Commission shall, based upon the claimed grounds of confidentiality, designate such information as "Confidential – Subject to Protective Order" pursuant to this Order.

A. **Applicability.** This Order covers information that the Commission, as the Producing Party, designates as "Confidential—Subject to Protective Order." Information may be so designated when the Commission reasonably believes the information disclosed constitutes, reflects, discloses or contains information subject to protection under the Privacy Act, 5 U.S.C. § 552a and implementing regulations, Rules 26(c) and 5.2 of the Federal Rules of Civil Procedure and the judicial opinions interpreting such Rules.

B. **Good Faith.** The Commission shall make "Confidential—Subject to Protective Order" designations in good faith to insure that only those documents most likely to merit Confidential treatment are so designated. In doing so, it may employ technology, including the implementation of search protocols designed to identify such documents.

C. **Definitions.**

1. *"Confidential" or "Confidential Information"* refers to Information that the Commission or a Submitting Entity claims is protected from public disclosure by applicable Federal law, including under the Privacy Act and/or the Commodity Exchange Act. This includes, but is not limited to, personally identifiable information ("PII") obtained by the Commission from the Federal Reserve Bank of New York ("FRBNY") relating to electronic bank wiring information to and/or from potential customers of Defendants. The Commission also has obtained during the course of its investigation of TEN and Intrade other customer information constituting personal identifiable information under the Privacy Act.

2. *"Data Breach"* refers to the loss of control, compromise, unauthorized disclosure, unauthorized acquisition, unauthorized access, or any similar term referring to situations where persons other than authorized users and for an other than authorized purpose have access or potential access to personally identifiable information, whether physical or electronic. *See* OMB Memoranda M-07-16, Safeguarding Against and Responding to the Breach of Personally Identifiable Information.[1]

3. *"Information"* refers to the contents of documents, data associated with documents (whether physical or in electronic format); oral and written testimony, in deposition, trial or other proceeding; answers to interrogatories; admissions; disclosures and data derived from objects other than documents, produced or disclosed in this litigation by the Commission, as the producing Party, by a Receiving Party, or by any third-party entity or individual that has submitted information to the Commission; and any portion of any court papers which quote from any of the foregoing.

4. *"Party"* or *"Parties"* refer to the individuals and entities named as parties to this litigation, including Plaintiff Commission and Defendants TEN and Intrade.

5. *"Personally Identifiable Information,"* or *"PII"* refers to any information that can be used to distinguish or trace an individual's identity alone or when combined with other personal or identifying information that is linked or linkable to a specific individual, such as name, home address and other personal contact information, financial transactions, medical history, criminal or employment history or social security number.

6. *"Receiving Party"* refers to any Party to this litigation to which the Commission provides or discloses Information in connection with discovery and/or other orders of this Court.

7. *"Submitting Entity"* refers to any third-party entity or individual that has submitted information, including Confidential Information, to the Commission.

## II. Procedures.

A. **Designation**. To designate Information as Confidential, the Commission must mark it or identify it on the record as such. The Commission may withdraw the designation at a later date.

B. **Markings**.

---

[1] OMB Memoranda M-07-16, Safeguarding Against and Responding to the Breach of Personally Identifiable Information is available at http://www.whitehouse.gov/sites/default/files/omb/memoranda/fy2007/m07-16.pdf.

1. All documents designated as Confidential under this Order shall include the legend "Confidential—Subject to Protective Order" on the face of the document and each page so designated.

2. If tangible items or electronically stored information cannot be marked with the designation, the appropriate legend shall be marked on the face of the tangible item or media containing such information, if practicable or by written notice to the Receiving Party at the time of disclosure, production or filing.

3. With respect to deposition transcripts, the Commission may designate pages of the transcript or exhibits thereto as Confidential within 30 days after receiving the transcript. Such information may be designated by marking pages with the legend: "Confidential—Subject to Protective Order." Until the end of the 30-day period, the entire deposition transcript will be treated as subject to the protections stated in this Order. If no Party designates Information as Confidential in a deposition within this 30-day period, none of the transcript or its exhibits will be treated as Confidential until such time as a Party thereafter designates a portion as Confidential.

C. **Timing**. Documents and other objects must be designated before disclosure.

D. **Errors**. Accidental or inadvertent disclosure of information does not waive the confidential status of such information or any privilege attached thereto. In the event Confidential Information is inadvertently disclosed, as the term inadvertent is used in Federal Rule of Evidence 502(b), the Commission may thereafter reasonably assert a claim or designation of confidentiality and promptly provide replacement media consistent with this Order. Thereafter, the Receiving Party must immediately return the original information and all copies to the Commission and/or destroy such information, and make no use of such information.

E. **Disclosure**. Information designated as Confidential may only be disclosed to and used by:

1. Attorneys of record for the Parties, and employees of counsel and Commission employees and agents who have responsibility for the action;

2. Defendants and officers, directors, employees, former employees, and agents of Defendants, or parent or affiliate of Defendants, to whom it is necessary that Information designated as Confidential under this Protective Order be shown in connection with the preparation and trial of this Action; provided, however, that

4

prior to any such person receiving any Information designated as Confidential, the person shall execute a copy of EXHIBIT A – ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE; also provided that nothing in this paragraph prohibits the use of Confidential Information in summary form and not including information or data that is or may be identifiable as information of any third party in evaluations, analyses or reports provided to senior management, officers or directors in connection with any attempt to settle or otherwise resolve this Action;

3. Outside consultants, investigators, and experts (hereinafter collectively referred to as "experts") retained by the Parties to assist in the preparation and trial of this Action; provided, however, that prior to any expert receiving any Information designated as Confidential, the expert shall execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

4. The Producing Party or any person identified in such materials as the author, sender, addressee, or copy recipient of the Confidential Information, provided that prior to such disclosure to any of the foregoing other than the Producing Party, the disclosing party shall use reasonable best efforts to cause the person to whom the Confidential Information is to be disclosed to execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

5. Any third-party or party-employee witness being examined in this Action in deposition or at trial to whom it is necessary that the Information designated as Confidential under this Protective Order be shown in connection with the examination, provided, however, that prior to such disclosure any such witness shall be provided with a copy of this Protective Order and the Parties shall use their reasonable best efforts to cause such witness to execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

6. The Court and its personnel, as well as court reporters and recorders engaged for depositions;

7. Any other person or entity authorized by law; and

8. Any other person to whom the Commission, in writing, authorizes disclosures.

F. **Security**. Counsel of record are responsible for employing reasonable measures to control access to and distribution of information designated Confidential. Except as provided herein, counsel for the Parties shall keep all documents designated as Confidential secure within their possession. Each person accessing or receiving information designated as Confidential shall receive, process, use, store, maintain, disclose, transmit, backup, handle extracts of, and dispose of such Confidential information: (i) only in compliance with the terms of this Protective Order; and (ii) in a location and manner sufficient to protect such information from unauthorized

5

access or disclosure. Specifically with regard to Confidential Information produced by the Commission in this action on electronic storage media, the Receiving Party must maintain, transmit and store such data using industry standard, off-the-shelf encryption programs and tools.

G. **Permissible Uses of Confidential Information**.

1. Notice. Any person having access to Confidential Information shall be informed that it is Confidential and subject to a non-disclosure Order of the Court. No such person shall release or disclose those materials to any person other than those specifically identified above, without further order of the Court or stipulation of the Parties.
2. Restrictions on Use. Confidential Information may be used by Defendants only in this proceeding.
3. Filings. If Confidential Information must be filed with or otherwise disclosed to the Court, the Party seeking to file the information must redact the Confidential Information or file under seal.
4. Hearings and Depositions. In the event that a Party intends to utilize a document containing Confidential Information during a pre-trial hearing or a deposition, it should redact the information from the document. If the Confidential Information itself is relevant, the Party intending to use the document shall provide written notice no less than five (5) business days prior to the hearing or deposition to the Commission and the Court. The use of such Confidential Information during the hearing or deposition shall be determined by agreement of the Parties or by Order of the Court.

H. **Challenges**.

1. Any Receiving Party may object to the propriety of the designation of specific information as Confidential by serving a written objection upon the Commission. Within five calendar days, the Commission shall respond to such objections in writing by either (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the Parties are unable to agree on the terms and conditions of disclosure for the subject material, the objecting Party may move the Court for an order withdrawing the designation as to the specific designations on which the Parties could not agree. On such a motion the Commission shall have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to protection as Confidential under applicable law. The information shall continue to be treated as protected until the Court can rule on the merits of the motion.
2. If the basis for the designation is because a Submitting Entity claims it is protected from public disclosure, or because the Commission has informed the Submitting Entity that it would be protected from public disclosure by applicable

Federal law, and a Receiving Party objects to the designation, the Commission shall, within five (5) days, send notice to the Submitting Entity. The Commission shall not be required to respond to the objection until ten (10) days after such notice has been sent to the Submitting Entity. The Submitting Entity shall be permitted to intervene to defend the designation pursuant to the procedures and standards set forth in this Order.

I. **Return**. Within 45 days of the termination of any Receiving Party from this action, that Party, its employees, attorneys, consultants and experts must destroy or return all originals and/or copies of documents with Confidential designations, provided however, that the obligation to destroy such documents that is imposed on counsel shall not occur until the last of their represented Parties has been terminated. At the written request of the Commission, any person or entity having custody or control of designated material, and all copies thereof, shall provide an affidavit certifying that reasonable efforts have been made to insure that all such information has been destroyed or delivered in accordance with the terms of this Order. This Order survives the termination of this proceeding.

J. **Data Breach**. In the event of a Data Breach of any Confidential Information in the possession, custody or control of a Receiving Party, the Receiving Party shall, immediately after discovery of such Data Breach:

1. notify the Court, the other Parties and, as may be required by law, appropriate law enforcement entity(ies) of the situation in writing. To the extent possible, the notification shall identify the Confidential Information at issue, circumstances surrounding the Data Breach (including to whom, how, when and where the Confidential Information was placed at risk or compromised) and any other information that the Party whose Confidential Information was affected considers relevant;

2. take appropriate action to cure and prevent any further risk of loss, unauthorized access or disclosure of the information; and

3. fully cooperate with the Party whose information was involved in the Data Breach and, as may be required by law, with any law enforcement authority responsible for investigating and prosecuting any possible criminal law violation(s) associated with the incident.

III. **Exclusions**.

A. Notwithstanding any other terms in this Protective Order, the Producing Party may redact all but the last four digits of bank account and/or social security numbers for an individual, passport numbers, or other particularly sensitive personally identifiable information, the unauthorized disclosure of which could result in substantial harm to an individual.

B. Notwithstanding the foregoing, nothing in this Protective Order shall limit:

1. The Commission's retention or use of any Confidential Information for any of the "Routine Uses of Information" identified in the applicable Commission Privacy Act System of Records Notices, or as otherwise authorized, permitted, or required by statutes and regulations governing Commission practice, policy and procedures, including without limitation the Federal Records Act and Freedom of Information Act; or

2. The authority of the Commission set forth in Sections 8(a)(1) and 12 of the Commodity Exchange Act, 7 U.S.C. §§ 12, 16, to conduct such investigations as it deems necessary to ascertain the facts regarding the operations of boards of trade and other persons subject to the provisions of the Act; to cooperate with any department or agency of the Government of any State, territory, district or possession, or department, agency, or political subdivision thereof, any foreign futures authority, any department or agency of a foreign government or political subdivision thereof, or any person; to provide assistance to any foreign futures authority if said foreign futures authority so requests; to conduct such investigation as the Commission deems necessary to collect information and evidence pertinent to any request for assistance from any foreign futures authority; or for the Commission to obtain documents, testimony, or information pursuant to an agreement with a foreign futures authority to provide reciprocal assistance to the Commission in futures and options matters.

IT IS SO ORDERED this ___21st___ day of ___Nov.___, 20__.

_____
Royce C. Lamberth
UNITED STATES DISTRICT JUDGE