UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TRADE EXCHANGE NETWORK LIMITED and INTRADE THE PREDICTION MARKET LIMITED<br><br>Defendants. | Civil Action No. 12-1902 (RCL) |

## MEMORANDUM OPINION
(Civil Contempt and Motion to Vacate Order Imposing Sanctions)

On December 3, 2014, this Court ordered that defendants, Trade Exchange Network Ltd. ("TEN") and Intrade the Prediction Market Ltd. ("Intrade"), show cause as to why they are not in civil contempt of the Court's June 24, 2014 Order [33]. Order Granting Pl.'s Motion for Order to Show Cause Why Defs. Are Not in Civil Contempt and for Sanctions at 1, Dec. 3, 2014, ECF No. 37 ("December 3 Order"). Before the Court are the United States Commodity Futures Trading Commission's ("CFTC's") Motion and Memorandum in Support of an Order to Show Cause Why Defendants Are Not in Civil Contempt and for Sanctions, ECF No. 35, TEN and Intrade's Response to Order [37] to Show Cause, ECF No. 40, and the CFTC's Reply, ECF No. 46. The Court will hold defendants TEN and Intrade in civil contempt for the reasons stated below.

In the same December 3 Order, this Court imposed sanctions for the defendants' violations of Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure. December 3 Order at 2. Before the Court are TEN and Intrade's Motion to Vacate and Reconsider the Portion of the Court's

1

December 3 Order [37] Imposing Sanctions, ECF No. 38, the CFTC's Opposition, ECF No. 39, and TEN and Intrade's Reply, ECF No. 42. The Court will DENY the defendants' Motion to Vacate and Reconsider the Portion of the Court's December 3 Order Imposing Sanctions for the reasons stated below.

## I. BACKGROUND

On June 24, 2014, this Court denied defendants' Motion for a Protective Order for Information Protected by the Irish Data Protection Act, ECF No. 23, granted plaintiff's Motion to Compel Production of Documents and Interrogatory Responses, ECF No. 25, and ordered the defendants to "produce all documents responsive to the CFTC's requests for production and also complete their responses to the CFTC's interrogatories within twenty (20) days of the entry of this order, and [to] produce Ronald Bernstein for a deposition regarding the location of documents and witnesses within ten [10] days of the entry of this order, at a date and time convenient to the parties." Mem. Op. and Order at 1, June 24, 2014, ECF No. 33 (June 24 Order).

The CFTC admits that it deposed Ronald Bernstein on July 7, 2014, in compliance with the June 24 Order. Pl.'s Mot. at 3. As of July 14, 2014, the deadline of the June 24 Order, the defendants had produced the following documents: Intrade's Supplemental Responses to Plaintiff's First Set of Interrogatories, Intrade's Supplemental Responses to Plaintiff's First Document Requests, TEN's Supplemental Responses to Plaintiff's First Set of Interrogatories, TEN's Supplemental Responses to Plaintiff's First Document Requests, "(i) roughly 2,400 pages of Bates labeled documents," including defendants' corporate records, bank records, and information on trading balances, and an mbox file containing "correspondence and service tickets that are responsive to Intrade Document Request No. 3." E-mail from Jeff Hamlin to David Slovick and Kathleen Banar (July 14, 2014), ECF No. 35-1; Hamlin Decl. ¶ 7, ECF No. 40-1. The

defendants also provided plaintiff with access to their customer database. Hamlin Decl. ¶ 6. However, the defendants failed to produce complete responses to all of the CFTC's interrogatories, including Interrogatories Nos. 6, 7 and 8. TEN's Supp. Resps. Pl.'s 1st Set Interrogs., ECF No. 35-2; Intrade's Supp. Resps. Pl.'s 1st Set Interrogs., ECF No. 35-3; TEN's 3d Supp. Resps. Pl.'s 1st Set Interrogs., ECF No. 35-12; Intrade's 3d Supp. Resps. Pl's 1st Set Interrogs., ECF No. 35-13. Further, the mbox file that contained customer correspondence and service tickets had not been reviewed for responsiveness and contained malware. Letter from Kathleen Banar to David Deitch (Aug. 7, 2014) at 1, ECF No. 35-5.

By the deadline specified in the Order, the defendants further failed to search their own intercompany e-mails for responsive documents. Letter from Jeffrey Hamlin to Kathleen Banar (Aug. 14, 2014) at 2 (defendants stating that they "are currently searching all intercompany e-mails for documents that are responsive to CFTC's document requests" and promising to produce responsive documents, including mbox files for all other managers and customer support employees, by August 31, 2014), ECF No. 35-7.

Furthermore, the defendants were still "running additional searches for documents potentially responsive to RFP Nos. 3 and 13, to include web pages, exchange rules, FAQs, market rules, market specifications, and contracts offered." *Id.* (promising to provide these documents by August 31, 2014). The defendants further failed to "obtain[] documents from overseas, including documents that might have been stored in the barn owned by John Delaney's mother (the 'Delaney Barn'), documents in the companies' storage facilities, and imaged hard drives of computers stored in the companies' Lucan office." *Id.* at 3. Defendants also failed to request records from any banks in response to the CFTC's document request by the deadline of the June 24 Order. *Id.* at 2.

On November 7, 2014, the CFTC submitted its Motion and Memorandum in Support of an Order (1) To Show Cause Why Defendants Are Not in Civil Contempt and (2) For Sanctions Against Defendants Pursuant to Fed. R. Civ. P. 37(b)(2)(A). TEN and Intrade failed to file their memorandum of points and authorities in opposition to the plaintiff's motion for sanctions within 14 days of the CFTC's motion, or at any time thereafter. On December 3, 2014, the Court granted the plaintiff's motion and imposed sanctions. *See* December 3 Order at 1-2.

## II. CIVIL CONTEMPT OF THE JUNE 24, 2014 ORDER

### A. Civil Contempt Standard

Courts possess "inherent power to enforce compliance with their lawful orders through civil contempt," *Shillitani v. United States*, 384 U.S. 364, 370 (1966), which is essential to "the enforcement of the judgments, orders and writs of the courts, and consequently to the due administration of justice," *Broderick v. Donaldson*, 437 F.3d 1226, 1234 (D.C. Cir. 2006) (citation omitted). In particular, district courts have the authority to enforce the deadlines they impose. *See In re Fannie Mae Sec. Litig.*, 552 F.3d 814, 822-23 (D.C. Cir. 2009). Civil contempt is remedial in nature and is "used to obtain compliance with a court order or to compensate for damage sustained as a result of noncompliance." *N.L.R.B. v. Blevins Popcorn Co.*, 659 F.2d 1173, 1184 (D.C. Cir. 1981).

A party moving for civil contempt must show, by clear and convincing evidence, that "(1) there was a clear and unambiguous court order in place; (2) that order required certain conduct by [d]efendants; and (3) [d]efendants failed to comply with that order." *United States v. Latney's Funeral Home, Inc.*, 41 F. Supp. 3d 24, 29-30 (D.D.C. 2014). A clear and unambiguous order does not leave any reasonable doubt "as to what behavior was expected and who was expected to behave in the indicated fashion." *Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 17 (1st Cir. 1991). Once the

plaintiff has made a prima facie case demonstrating that the defendant failed to comply with the Court's order, "the burden shifts to [the defendant] to produce evidence justifying its noncompliance." *Secs. & Exch. Comm'n v. Bilzerian*, 112 F. Supp. 2d 12, 16 (D.D.C. 2000).

The defendants' intent in failing to comply with a court order is irrelevant. *Id.* However, the defendants "may justify [their] failure to comply with a court order by establishing [their] inability to comply or good faith substantial compliance." *Int'l Painters & Allied Trades Indus. Pension Fund v. ZAK Architectural Metal & Glass LLC*, 736 F. Supp. 2d 35, 40 (D.D.C. 2010) (citing *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1017 (D.C. Cir. 1997)). To demonstrate good faith substantial compliance, the defendants have to show that they "took all reasonable steps within [their] power to comply with the court's order." *Food Lion, Inc.*, 103 F.3d at 1017 (citations and internal quotation marks omitted).

**B. Analysis**

The June 24 Order required the defendants to "produce all documents responsive to the CFTC's requests for production and also complete their responses to CFTC's interrogatories within twenty (20) days of the entry of [the] [O]rder." June 24 Order at 15, ECF No. 33. Defendants argue that the order was not "clear and unambiguous" as those terms are used in the context of civil contempt proceedings. Defs.' Resp. at 9. The order was clear and unambiguous because it separately addressed each request for production objected to by the defendants and identified requested documents to the best of the Court's knowledge. *See Musalli Factory for Gold & Jewelry Co. v. New York Fin. LLC*, No. 06 Civ. 82 (AKH), 2010 WL 2382415, at *2 (S.D.N.Y. June 14, 2010) (finding a "one-page order direct[ing] Defendants to 'produc[e] all responsive documents to plaintiff's counsel' and 'direct[ing] Mr. Boktor to appear for a deposition no later than December 14'" to be clear and unambiguous). Furthermore, the defendants have never sought clarification

on any part of the order and now claim that they have substantially complied with the order. Defs.' Resp. at 16.

The record clearly indicates that that defendants failed to produce all responsive documents by the July 14, 2014 deadline. Thus, clear and convincing evidence demonstrates that the June 24 Order was clear and unambiguous, that it required defendants to produce all responsive documents and complete their responses to the CFTC's interrogatories, and that the defendants failed to comply with the order.

The defendants also argue that they are in good faith substantial compliance with the June 24 Order. Even if the defendants did substantially comply with the Order's requirements during the five months following the issuance of the Order, they were not in substantial compliance by the order's July 14, 2014 deadline. *See Food Lion, Inc.*, 103 F.3d at 1019 (finding that a defendant failed to prove good faith substantial compliance where defendant claimed that "[a]ll documents [defendant] discovered during searches of its files were produced to Food Lion by [the deadline]," but failed to search additional off-site storage boxes before the deadline despite knowing that some of them contained responsive documents). In *Food Lion, Inc,* where the defendant "knew of the existence of the off-site boxes and knew that some of the boxes contained documents covered by the court order," the court stated that it did not see any "reason why [the defendant] should not have searched and produced all documents responsive to the order that were contained in those boxes," affirming this Court's decision to hold the defendant in contempt even though the defendant claimed that "[a]ll documents [defendant] discovered during searches of its files were produced to Food Lion by [the] September 15, 1995 [deadline]." *Id.* (adding that the defendant did not seek clarification of the order or an extension to the deadline). Similarly, TEN and Intrade knew of the existence of the intercompany e-mails, Intrade's website data, potential responsive

6

documents stored in the companies' storage facilities, at the companies' Lucan office and in the Delaney Barn, as well as their bank records, and yet failed to comply. The defendants never sought any clarification of the order and never asked for an extension. Accordingly, the defendants did not take all reasonable steps to comply with the June 24 Order and therefore were not in good faith substantial compliance with the order.

### III. MOTION TO VACATE AND RECONSIDER THE DECEMBER 3, 2014 ORDER FOR SANCTIONS

#### A. Rule 54(b) Standard

The December 3 Order at issue is an order for sanctions and is therefore not a final judgment in the case. Accordingly, the defendants' claim must be examined under the Rule 54(b) standard since Rule 54(b) addresses the issue of reconsideration of orders other than final judgments. *See Campbell v. U.S. Dept. of Justice*, 231 F. Supp. 2d 1, 6 (D.D.C. 2002) (explaining that the standard of review for interlocutory decisions is set by Rule 54(b)). Under Rule 54(b), "[a]ny order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). District courts enjoy significant discretion to adjudicate motions for reconsideration. *Cobell v. Norton*, 226 F. Supp. 2d 175, 177 (D.D.C. 2002) (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 233-34 (1995)).

Rule 54(b) empowers the Court to reconsider an interlocutory order "as justice requires." *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217 (D.C. Cir. 2011); *see also Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000) (quoting Fed. R. Civ. P. 60(b) advisory committee's notes) ("[I]nterlocutory judgments . . . are left subject to the complete power of the court rendering them to afford such relief from them as justice requires."). "Asking 'what justice

requires' amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). Circumstances that may permit reconsideration include "whether the court 'has patently misunderstood a party, has made a decision outside the adversarial issues presented to the court by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court.'" *Ficken v. Golden*, 696 F. Supp. 2d 21, 35 (D.D.C. 2010) (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)).

### B. Analysis

TEN and Intrade were required to file their memorandum of points and authorities in opposition to the CFTC's Motion for Sanctions within 14 days of the date of service of the motion, which was filed on November 7, 2014. D.D.C. LCvR 7(b) ("Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."). Defendants failed to file their opposition within that time period. The Order for Sanctions was issued on December 3, 2014.

Defendants argue that they have committed an "excusable litigation mistake" when they relied on *Cobell v. Babbitt*, Case No. 1:96-cv-01285 (D.D.C.), where the plaintiffs filed a motion for an order to show cause and for sanctions and the Court issued the order to show cause without receiving the defendants' opposition. Defs.' Mot. at 2. The defendants believed that the appropriate time to file their opposition would be after the Court issued the requested order to show cause, since in *Cobell* the Court held the defendants in contempt and assessed sanctions after the defendants responded to the order to show cause. *Id.* at 3.

In *Cobell*, however, the defendants timely filed their memorandum of points and authorities under an alternative briefing schedule set forth in the order to show cause, which was issued before the defendants' opposition was due under the Local Rules. *See* Docket Sheet, *Cobell v. Babbitt*, Case No. 1:96-cv-01285 (D.D.C.), ECF No. 39-1. No such alternative briefing schedule was established in this case, and thus TEN and Intrade were bound by LCvR 7(b). Furthermore, the plaintiffs in *Cobell* sought the Court to "order Defendants to show cause why they should not be found in civil contempt and sanctioned," whereas plaintiff in this case sought a separate finding of sanctions in their Motion [35]. Pl.'s Consolidated Mot. for an Order to Show Cause Why Defs. Should Not Be Held in Contempt and for Sanctions for Failure to Comply with Ct. Orders, *Cobell v. Babbitt*, Case No. 1:96-cv-01285 (D.D.C.) at 24, ECF No. 39-2. Defendants' opposition to both motions was due no later than November 24th, 2014. Failure to respond was properly determined as a concession.

Justice does not require the Court to reconsider the December 3 Order for Sanctions because reconsideration is not necessary under the circumstances. Defendants' counsel is presumed to be familiar with the Local Rules since they have all been admitted to practice before this Court. *See McDowell-Bonner v. Dist. Of Columbia*, 668 F. Supp. 2d 124, 126 (D.D.C. 2009) ("Admission to practice before this Court requires that an attorney affirm in writing that he or she is 'familiar with the Rules of the United States District Court for the District of Colombia [sic].'"). Defendants' reliance on a case that is not procedurally on point does not excuse their disregard of the Local Rules. Defendants argue that they "have not yet presented to the Court their persuasive presentation on why sanctions are unwarranted and/or why the sanctions sought by the CFTC are too severe." Defs.' Reply at 4. The defendants, however, had a chance to present their arguments and have subsequently forfeited their opportunity to do so by missing the deadline. The Court in

this case did not patently misunderstand a party, make a decision outside the adversarial issues presented to the Court by the parties, or make an error not of reasoning, but of apprehension. A controlling or significant change in the law or facts has not occurred since the submission of the issue to the Court. Accordingly, TEN and Intrade's Motion to Vacate and Reconsider the Portion of the Court's December 3 Order Imposing Sanctions is denied.

## IV. CONCLUSION

For the aforementioned reasons, the Court holds defendants TEN and Intrade in civil contempt of Court for violating the Court's June 24, 2014 Order. The Court will also DENY defendants' Motion to Vacate and Reconsider the Portion of the Court's December 3 Order Imposing Sanctions.

A separate order consistent with this opinion shall issue this date.

It is **SO ORDERED** this 31st day of July 2015.

ROYCE C. LAMBERTH
United States District Judge