**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 12-1902 (RCL)** |
| | ) | |
| **TRADE EXCHANGE NETWORK LIMITED, an Irish company, and INTRADE THE PREDICTION MARKET LIMITED, an Irish company,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S PETITION FOR ATTORNEY'S FEES

Pursuant to the Court's December 3, 2014 and July 31, 2015 Orders (Dkt. No. 37, the

"Order to Show Cause and for Sanctions," and Dkt. No. 59, the "Order Holding Defendants in

Contempt," respectively), Plaintiff Commodity Futures Trading Commission ("CFTC" or

"Commission") submits this Petition for Attorney's Fees (the "Petition") incurred by the

Commission in preparing its (i) Motion to Compel Defendants (Trade Exchange Network

Limited ("TEN") and/or Intrade the Prediction Market Limited ("Intrade") (collectively,

"Defendants")) to Produce Documents and Interrogatory Responses and Statement of Points and

Authority in Support (Dkt. No. 25, the "Motion to Compel"), (ii) Reply in Support of Its Motion

to Compel (Dkt. No 30, the "Reply"), (iii) Motion and Memorandum in Support of an Order (1)

to Show Cause Why Defendants Are Not in Civil Contempt and (2) for Sanctions against

Defendants pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) (Dkt. No. 35, the "Motion to

Show Cause and for Sanctions"), (iv) Reply to Defendants' Response to Order to Show Cause

Why Defendants Should Not Be Held in Civil Contempt (Dkt. No. 46, the "Reply to Defendants' Response"), and (v) Petition, including the Declarations of Kathy Banar and James Deacon in support (collectively, the "Commission's Pleadings").

On January 2, 2014, the Commission filed its Motion to Compel and respectfully requested that the Court enter an order compelling Defendants to cooperate in discovery and comply with their discovery obligations.  Thereafter, on January 29, 2014, the Commission filed its Reply to an opposition that Defendants filed to the Motion to Compel.  The Court granted the Motion to Compel on June 24, 2014 and ordered that Defendants had to produce all documents responsive to the Commission's requests for production and also complete their responses to the Commission's interrogatories within twenty (20) days of the entry of the Order or no later than July 14, 2014 (the "Deadline").  (*See* Dkt. No. 33, Memorandum Opinion and Order (the "Order to Compel") at 15.)

Subsequently, notwithstanding the Order to Compel, Defendants failed to produce all responsive documents and complete their interrogatory responses by the Deadline, failed to request from the Court any relief for not complying with the Order to Compel either before or after the Deadline or for reconsideration of the Order to Compel, and, most problematic, for several months after the Deadline, had failed to produce all documents responsive to the Commission's requests for production.  Consequently, due to Defendants' failures to abide by the Order to Compel, on November 11, 2014, the Commission filed the Motion to Show Cause and for Sanctions.  In addition to other relief, by the Motion to Show Cause and for Sanctions, the Commission sought an order requiring Defendants to pay all reasonable expenses, including attorney's fees, incurred by the Commission as a result of Defendants' failures to abide by their discovery obligations including those expenses that the Commission incurred concerning the

Motion to Compel and Reply as well as the Motion to Show Cause and for Sanctions.  (*See* the Motion to Show Cause and for Sanctions at 24.)  Although Defendants had until November 21, 2014 to file any opposition that they may have had to the Motion to Show Cause and for Sanctions, they did not do so nor did they seek leave from the Court for additional time to file an opposition.  Accordingly, on December 3, 2014, the Court granted the unopposed Motion for Sanctions and ordered Defendants to pay all reasonable expenses, including attorney's fees, incurred by the Commission as a result of Defendants' failures to abide by their discovery obligations including those expenses that the Commission incurred concerning the Motion to Compel and Reply as well as those related to the Motion for Sanctions.  At that time, the Court denied the Commission's request for expenses that it incurred relating to the Motion to Show Cause and instead ordered that Defendants were "required to show cause in writing why they are not in civil contempt by December 15, 2014."  (*See* Order to Show Cause and for Sanctions at 1-2.)[1]

Subsequently, on December 15, 2014, Defendants filed their response to the Court's December 3, 2014 Order to Show Cause, and, on January 27, 2015, the Commission filed its Reply to Defendants' Response.  On July 31, 2015, the Court issued its Order Holding Defendants in Contempt and ordered that Defendants "pay all reasonable expenses, including attorney fees, incurred by the [Commission] as a result of their failures to obey the Court's Order [to Compel] including those expenses that the [Commission] incurred concerning (i) the

---

[1]  After the Court issued its Order to Show Cause and for Sanctions, on December 9, 2014, Defendants filed a motion to vacate that part of the order that imposed sanctions against the Defendants including the award of the reasonable expenses that the Commission incurred as to the Motion to Compel and Reply as well as the Motion for Sanctions (Dkt. No. 38, the "Motion to Vacate").  On July 31, 2015, the Court denied the Motion to Vacate. (Dkt. No. 59.)

[Commission's] Motion to Show Cause [35] and (ii) the [Commission's] Reply [to Defendants' Response] [46]."

The expenses incurred by the Commission in bringing the Commission's Pleadings consist of the attorney's fees of the Commission attorneys who researched, drafted, revised and filed the Commission's Pleadings and supporting exhibits.  That work was primarily performed by Kathleen Banar, a Chief Trial Attorney in the Commission's Division of Enforcement located in the Commission's Washington, D.C. office, (Banar Decl. ¶¶ 6 – 9, attached hereto as Exhibit 1) and James Deacon, a Senior Trial Attorney in the Commission's Division of Enforcement located in the Commission's Washington, D.C. office.  (Deacon Decl. ¶¶ 6 – 9, attached hereto as Exhibit 2.)  As explained in greater detail in her Declaration, Ms. Banar spent a total of 48.5 hours researching, drafting, revising and filing the Motion to Compel, Reply and her Declaration in support of the Petition.  (Banar Decl. ¶¶ 7 – 8 and 11.)  Similarly, as explained in greater detail in his Declaration, Mr. Deacon spent a total of 57 hours researching, drafting and revising the Motion to Show Cause and for Sanctions, Reply as to Defendants' Response to the Order to Show Cause, and Petition, including his Declaration.[2]  (Deacon Decl. ¶¶ 7 – 9.)

The proper method of awarding attorneys' fees for a violation of Rule 37 is the lodestar method, in which the court multiplies a reasonable hourly rate by a reasonable number of hours expended.  *Cobell v. Norton,* 231 F.Supp.2d 295, 300 (D.D.C. 2002) (citing *Weisberg v. FBI,* 749 F.2d 864, 872-73 (D.C. Cir. 1984) (determining a fee for a Rule 37 sanction by applying

---

[2]  These numbers include, and the Commission seeks reimbursement for, (1) the time Mr. Deacon spent preparing this Petition for Attorney's Fees and his Declarations filed in support of it as well as (2) the time Ms. Banar spent preparing her Declaration in support of the Petition.  As the Court held in *Tequila Centinela, S.A. v. Barcardi & Co. Ltd.*, 248 F.R.D. 64, 72 (D.D.C. 2008), "Within bounds, time reasonably devoted to obtaining attorney's fees in the context of litigation where the court must be petitioned for such an award is itself subject to an award of fees."

*Nat'l Ass'n of Concerned Veterans v. Sec. of Defense,* 675 F.2d 1319 (D.C.Cir. 1982), which advocated the use of the lodestar method)).  The burden is on the moving party to prove that the request for attorneys' fees is reasonable.  *See Kisterv. District of Columbia,* 229 F.R.D. 326, 329 (D.D.C. 2005) (citing *Stein v. Foamex Int'l, Inc.,* 204 F.R.D. 270, 271 (E.D. Pa. 2001)). "However, if the party opposing the fee request objects with specificity the Court has a great deal of discretion to adjust the fee award in light of those objections."  *Id.* (quoting *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990)) (internal quotation omitted).

To determine the proper compensation, the Court must set a reasonable hourly rate, or lodestar, to apply to each attorney's time.  *Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).  The Court must choose a rate that is sufficient to attract competent counsel, but not so excessive as to produce a windfall.  *See Laffey v. Northwest Airlines, Inc.,* 746 F.2d 4, 16 (D.C. Cir. 1984).  Generally, this means that the rates must be in line with rates charged by other attorneys of comparable skill, reputation, and ability within the community. *Id.*; *see also House v. Wackenhut Servs., Inc.,* No. 10 Civ. 9476 (CM)(FM), 2012 WL 4473291, at *2 (S.D.N.Y. Sept. 27, 2012) (quoting *Gierlinger v. Gleason,* 160 F.3d 858, 882 (2d Cir. 1998) ("In assessing the reasonableness of attorneys' hourly rates, courts typically consider the prevailing market rates 'for similar services by lawyers of reasonably comparable skill, experience and reputation.'")

To determine the reasonable hourly rate for the work Ms. Banar and Mr. Deacon performed in preparing the Commission's Pleadings, the Commission relies on the "Laffey Matrix," a table compiled by the United States Attorney's Office for the District of Columbia that reflects hourly billing rates for attorneys practicing in that district.  The Laffey Matrix is based on billing rates that the Court deemed reasonable in a 1983 decision issued in *Laffey v.*

*Northwestern Airlines, Inc.,* 572 F. Supp. 354 (D.D.C. 1983);[3] *see also* United States Attorney's

Office for the District of Columbia Laffey Matrix 1981-1992 at

*http://www.justice.gov/usao/dc/divisions/civil_laffey_ matrix_1.html*.  The Laffey Matrix is

updated periodically to reflect increases in fee rates and published on the website of the United

States Attorney's Office for the District of Columbia.  As the work performed by Ms. Banar and

Mr. Deacon on the Commission's Pleadings occurred from 2013 to 2015, the hourly attorney

billing rates from the Laffey Matrixes for the periods June 1, 2013 to May 31, 2014 and June 1,

2014 to May 31, 2015 are attached at Exhibits 3 and 4, respectively.  The Laffey Matrixes for

these periods are also available at *http://www.justice.gov/sites/default/files /usao-

dc/legacy/2013/09/09/Laffey _Matrix%202014.pdf* and *http://www.justice.gov/usao/dc

/divisions/Laffey%20Matrix_2014-2015.pdf*, respectively.

    Although the Laffey Matrix is not binding on this Court, it is a widely-accepted method

of determining the reasonable cost of legal services in the District of Columbia, where the

Commission attorneys who drafted the Commission's Pleadings practice. *See Bode & Grenier,

LLP v. Knight,* No. 08-1323 DAR, 2014 WL 1199361, at *3 (D.D.C. Mar. 25, 2014) ("With

respect to the prevailing market rates for 'complex federal litigation,' courts in this Circuit often

utilize the *Laffey* matrix, 'a schedule of charges based on years of experience developed in *Laffey

v. Northwest Airlines, Inc.* . . .'").

    Based on the rates set forth in the June 1, 2013 to May 31, 2014 Laffey Matrix (Exhibit

3) and Ms. Banar's level of experience, $510 per hour is a reasonable billing rate for the work

she performed in preparing the Commission's Motion to Compel and Reply.  (*Compare* Ex. 3

---

[3]  Commission attorneys are compensated on a salary basis and, therefore, do not charge (or track
their time by) an hourly rate. As a result, the Commission cannot provide an hourly rate for the
work Ms Banar and Mr. Deacon performed in drafting and filing the Commission's Pleadings.

(reflecting a billing rate for June 1, 2013 to May 31, 2014 of $510 per hour for attorneys with

20+ years of experience), *with* Banar Decl. ¶¶ 1 – 5 (establishing that Ms. Banar has practiced

law for over twenty-six years, nearly thirteen of which nearly have been spent prosecuting

government enforcement actions brought by the Commission.))  Further, based on the rates set

forth in the June 1, 2014 to May 31, 2015 Laffey Matrix (Exhibit 2) and Ms. Banar's level of

experience, $520 per hour is a reasonable billing rate for the work she performed in preparing

her Declaration in Support of the Petition.

Similarly, based on the rates set forth in the June 1, 2014 to May 31, 2015 Laffey Matrix

and Mr. Deacon's level of experience, $460 per hour is a reasonable billing rate for the work he

performed in preparing the Commission's Motion to Show Cause and for Sanctions, Reply as to

Defendants' Response to the Order to Show Cause and Petition, including his Declaration.

(*Compare* Ex. 4 (reflecting a billing rate for June 1, 2014 to May 31, 2015 of $460 per hour for

attorneys with 11-19 years of experience), *with* Deacon Decl. ¶¶ 1 – 5 (establishing that Mr.

Deacon has practiced law for over seventeen years, eight of which have been spent prosecuting

government enforcement actions brought by the CFTC.))

"To enable a court to determine the reasonableness of the hours expended [by an

attorney], a party seeking an award of attorney's fees must submit contemporaneous time records

indicating the number of hours expended and the nature of the work done." *Wackenhut Servs.,*

2012 WL 4473291, at *3.  As reflected in Ms. Banar's and Mr. Deacon's Declarations and the

time sheets attached to them, the time they spent preparing the Commission's Pleadings was

reasonable in light of (1) the multiple deficiencies in Defendants' productions as well as case law

they were obligated to analyze in order to prepare the Commission's Pleadings; (2) the fact-

intensive nature of the issues addressed in the Commission's Pleadings; and (3) the fact that they

primarily performed the work alone, without assistance from other Commission employees.  (*See* Banar Decl. ¶¶ 6 – 10 and Deacon Decl. ¶¶ 6 – 10.)  An hourly rate of $510 multiplied by the total number of hours Ms. Banar spent preparing the Commission's Motion to Compel and Reply results in total fees of $23,715 ($510 x 46.5 hours = $23,715).  An hourly rate of $520 multiplied by the total number of hours Ms. Banar spent preparing her Declaration in support of the Petition results in total fees of $1,040 ($520 x 2 hours = $1,040).  Similarly, an hourly rate of $460 multiplied by the total number of hours Mr. Deacon spent preparing the Commission's Motion to Show Cause and for Sanctions, Reply as to Defendants' Response to the Order to Show Cause, and Petition, including his Declaration, results in total fees of $26,220 ($460 x 57 hours = $26,220).

WHEREFORE, the Commission respectfully requests that the Court enter an order requiring Defendants to pay, jointly and severally, $50,975 to the Commission as reimbursement for the time Ms. Banar and Mr. Deacon spent drafting and filing the Commission's Pleadings.

Dated: August 19, 2015

Respectfully submitted,

**ONE OF THE ATTORNEYS FOR PLAINTIFF U.S. COMMODITY FUTURES TRADING COMMISSION**

/s/ James W. Deacon

Kathleen Banar (Ill. Bar No.  6200597)
U.S. Commodity Futures Trading Commission
Division of Enforcement, 7th Floor
1155 21st Street, NW
Washington, D.C. 20581
Telephone:  (202) 418-5335
Facsimile:  (202) 418-5987
*kbanar@cftc.gov*

James W. Deacon (D.C. Bar No. 476216)
U.S. Commodity Futures Trading Commission
Division of Enforcement, 7th Floor
1155 21st Street, NW
Washington, D.C. 20581
Telephone:      202-418-5526
Facsimile:      202-418-5987
*jdeacon@cftc.gov*

## CERTIFICATE OF SERVICE

I, James Deacon, hereby certify that on August 19, 2015, I filed *Plaintiff's Petition for Attorneys' Fees* with the Clerk of Court using the CM/ECF system, which will automatically serve an email notification of said filing on the following attorneys of record:

A. Jeff Ifrah
IFRAH PLLC
1717 Pennsylvania Avenue, Suite 650
Washington, D.C. 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
*jeff@ifrahlaw.com*

Jeffrey R. Hamlin
IFRAH PLLC
1717 Pennsylvania Avenue, Suite 650
Washington, D.C. 20006
Telephone: (202) 524-4143
Facsimile: (202) 524-4141
*jhamlin@ifrahlaw.com*

/s/ James W. Deacon

*One of the Attorneys for Plaintiff,*
*U.S. Commodity Futures Trading*
*Commission*