**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,**<br><br>                    **Plaintiff,**<br><br>          **v.**<br><br>**TRADE EXCHANGE NETWORK LIMITED, an Irish company, and INTRADE THE PREDICTION MARKET LIMITED, an Irish company**<br><br>                    **Defendants.** | **Civil Action No. 12-1902 (RCL)** |

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFF'S PETITION FOR ATTORNEY'S FEES**

Defendants Trade Exchange Network Limited ("TEN") and Intrade The Prediction Market Limited ("Intrade") respectfully submit this memorandum in opposition to the Commodity Futures Trading Commission's ("CFTC's") Petition for Attorney's Fees, which CFTC filed pursuant to this Court's Order dated August 3, 2015 ("Attorney Fee Order") [Dkt. 59]. Under the Attorney Fee Order, Defendants are required to pay all reasonable expenses, including attorney's fees, that CFTC incurred as a result of Defendants' failure to comply with the Court's June 24, 2014, "including those expenses that [CFTC] incurred concerning (i) the plaintiff's Motion to Show Cause [35] and (ii) the plaintiff's Reply [46]." Order at 1 [Dkt. 59].

As discussed in more detail below, Defendants oppose CFTC's petition on the following grounds. First, over half of CFTC's fee request represents time spent on non-

compensable tasks—that is, the tasks pre-date the time period covered by the Attorney

Fee Order. Second, CFTC's time records include vague and block-billed time entries

such that neither Defendants nor this Court can readily determine how much time was

spent on any given task. Time entries also reflect one-hour billing increments, suggesting

that at least some of the time is likely overstated. Third, Defendants oppose CFTC's

petition on grounds that CFTC's two senior-level attorneys billed senior-level rates for

work typically performed by junior associates, paralegals and administrative staff.

Accordingly, Defendants request that CFTC's fee award be reduced.

## ARGUMENT

It is well-settled that a district court has broad discretion to determine a

reasonable fee award based on the circumstances of the case. See Hensley v. Eckerhart,

461 U.S. 424, 433-37 (1983). The party requesting fees bears the burden of establishing

the reasonableness of its fee request. Role Models Am., Inc. v. Brownlee, 353 F.3d 962,

970 (D.C. Cir. 2004). The district court may exercise its discretion in "reducing the fee

award by specific amounts in response to specific objections." Nat'l Ass'n of Concerned

Veterans v. Sec'y of Def., 675 F.2d 1319, 1327 (D.C. Cir 1982).

Courts often make use of a percentage cut when a prevailing party submits an

inflated request for attorneys' fees. "To save scarce judicial resources, district courts may

shave a percentage of counsel's hours instead of deciding, for example, whether a

particular motion could have been done in 9.6 hours instead of 14.3 hours."  Shepherd v.

Am. Broad. Cos., Inc., 862 F. Supp. 505, 511 (D.D.C. 1994). "After the Court has

subtracted out non-compensable time, the Court can conduct further across-the-board

percentage reductions as appropriate when a large number of entries suffer from one or

more deficiencies." <u>DL v. District of Columbia</u>, 256 F.R.D. 239, 245 (D.D.C. 2009)

(citing <u>Role Models</u>, 353 F.3d at 973). In this case, over half of the requested fees relate

to time entries that are not covered by the Court's Attorney Fee Order, as discussed in

Section A., below. The balance of claimed fees should be discounted to account for

problems with CFTC's time entries and billing rates, as discussed in Sections B through

E, below.

**A.      CFTC's Attorney Hours Include Non-Compensable Tasks.**

CFTC's fee petition seeks attorney's fees for researching, drafting and revising

five pleadings, only two of which were identified in the Attorney Fee Order. In particular,

CFTC seeks attorney's fees it incurred preparing its:

> (i)      Motion to Compel Defendants to Produce Documents and
> Interrogatory Responses and Statement of Points and Authority in
> Support (Dkt. No. 25, the "Motion to Compel"),
>
> (ii)     Reply in Support of Its Motion to Compel (Dkt. No. 30, the
> "Reply"),
>
> (iii)    Motion and Memorandum in Support of an Order (i) to Show
> Cause Why Defendants Are Not in Civil Contempt and (2) for
> Sanctions against Defendants pursuant to Federal Rule of Civil
> Procedure 37(b)(2)(A) (Dkt. No. 35, the "Motion to Show Cause"),
>
> (iv)     Reply to Defendants' Response to Order to Show Cause Why
> Defendants Should Not be Held in Civil Contempt (Dkt. No. 46,
> the "Reply to Defendants' Response"), and
>
> (v)      Petition for Attorney's Fees (the "Petition").

Pl.'s Petition at 1–2 [Dkt. 63]. By contrast, the Attorney Fee Order limits CFTC's fee

award to fees that CFTC incurred "as a result of" Defendants' failure to obey the Court's

June 24 Order [Dkt. 33], including expenses that CFTC incurred "concerning (i) the

plaintiff's Motion to Show Cause [35] and (ii) the plaintiff's [subsequent] Reply [46]."

Order at 1 [Dkt. 59]. The Attorney Fee Order explicitly covers fees incurred <u>as a result of</u>

Defendants' failure to comply with the June 24 Order compelling discovery. Thus, to come within the ambit of the fee award, CFTC's claimed fees must "result from" or post-date the June 24 Order. The Attorney Fee Order does not cover fees that CFTC incurred to obtain that order in the first place.

CFTC's petition overstates its claim for attorney's fees, in part, because CFTC disregards these limits to the fee award. Indeed, a significant percentage of the claimed fees relate to work that CFTC incurred to obtain the order compelling discovery. For example, the fee petition includes time billed by CFTC attorney Kathleen Banar. But the vast majority of that time was spent on CFTC's Motion to Compel and the subsequent Reply. Banar Decl. ¶¶ 7-8 [Dkt. 63-1]. Under the Attorney Fee Order, none of that time is compensable.

Likewise, Mr. James Deacon billed thirty-eight hours for the preparation of CFTC's Motion to Show Cause, eight hours for the preparation of CFTC's Reply in support of the Motion to Show Cause, and eleven hours for preparation of the fee petition. Deacon Decl. ¶¶ 7-9 [Dkt. 63-2]. Of fifty-seven total hours included in CFTC's fee petition, only eleven post-date the June 24 Order compelling discovery. The balance of Mr. Deacon's time is non-compensable under the Attorney Fee Order.

CFTC's fee award should exclude all time that does not come within the ambit of the Court's Attorney Fee Order. All time that does come within the ambit of the Attorney Fee Order must be discounted due to problems with time entries and billing rates, as discussed below.

**B.      CFTC's Time Entries are Extremely Vague.**

An application for attorneys' fees must be supported by detailed, contemporaneous time records. "The Plaintiff's supporting documentation must be of sufficient detail and probative value to enable a court to determine with a high degree of certainty that such hours were actually and reasonably expended." Role Models, 353 F.3d at 970 (D.C. Cir. 2004) (quoting In re Olson, 884 F.2d 1415, 1428 (D.C. Cir. 1989)). "Casual after-the-fact estimates of time expended on a case are insufficient to support an award of attorneys' fees." Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1327 (D.C Cir. 1982). In National Association of Concerned Veterans, the D.C. Circuit Court further explained that attorneys anticipating a fee application must maintain "contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." Id. A fee application must be sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified; it is not enough to provide "very broad summaries of work done and hours logged." Id.  Against this standard, CFTC's time records fall short.

For example, Ms. Banar's time entries are insufficient to support the full amount claimed because her time descriptions consist of vague references to the "motion to compel," "motion to compel and research," or "westlaw research." Banar Decl. Attach. A [Dkt. 63-1 at pp. 9, 10 & 15]. Mr. Deacon's time entries are similarly vague, including references to researching, drafting, and revising CFTC's motion for contempt and its reply to Defendants' Response to Show Cause. Deacon Decl. Attachs. A & B [Dkt. 63-2]. Additionally, many of Ms. Banar's and Mr. Deacon's time entries were not created contemporaneously. Instead, the entries were created up to two weeks after the date on

which the work was performed. Although the Banar Declaration and Deacon Declaration provide some additional detail as to the type of work each attorney performed, they do not state the amount of time spent on the newly-described tasks. The fact that many of the entries were created a week or two after the work was performed casts doubt on whether the fee petition is based on accurate, reliable time entries. The fee award should be reduced to account for these irregularities.

        **C.**        **CFTC Block Billed Time.**

CFTC's petition should also be discounted due to counsel's use of block billing. Court disfavor a party's application for fees based on time records that "lump together multiple tasks, making it impossible to review their reasonableness." <u>Role Models</u>, 353 F. 3d at 971. "Block-billing 'make[s] it impossible for the court to determine, with any degree of exactitude, the amount of time billed for a discrete activity." <u>In re Olson</u>, 884 F.2d 1415, 1428-29 (D.C. Cir. 1989)). A petitioner's documentation supporting its fee request "must be sufficiently detailed to permit the Court to make a determination of whether the claimed hours are justified."  <u>United States ex rel. Miller v. Harbert Int'l Constr.</u>, 601 F. Supp.2d 45, 50 (D.D.C. 2009).

In this case, CFTC's fee award should be reduced, in part because Mr. Deacon's time entries are block billed, which raises a question as whether he billed a reasonable amount of time to each task subsumed within the block-billed entry. Additional details provided in CFTC's fee application provide little clarity as to how much time was spent on specific tasks. Without more specific information, it is impossible for Defendants or this Court to make a reliable determination as to the reasonableness of the claimed fees.

**D.      CFTC Billed in Hourly Increments.**

This Court has cautioned against the use of billing in quarter-hour increments. American Civil Liberties Union v. U.S. Dep't of Homeland Security, 810 F. Supp.2d 267 (D.D.C. 2011); *see also* A.C. ex rel Clark v. District of Columbia, 674 F. Supp.2d 149, 156-57 (D.C.C. 2009). Indeed, courts in the District of Columbia recognize that billing in quarter-hour increments is less accurate as compared to billing in six-minute increments. Id. But CFTC did not even adhere to 15-minute increments. In most cases, counsel for CFTC recorded time in one-hour increments. Given that 15-minute increments are problematic because they are less accurate than six-minute increments, it follows that one-hour increments are even more problematic.

By its own admission, attorneys for CFTC "are compensated on a salary basis and, therefore, do not charge (or track their time by) an hourly rate." Petition at 6 n.3. Twenty-two of counsel's twenty-five time entries are for time billed in one-hour increments. Only three entries show time in half-hour or quarter-hour increments. Indeed, seven of Ms. Banar's ten time entries reflect time billed in one-hour increments. Attach. A Banar Decl. [Dkt. 63-1 at pp. 9–12, 14 & 16]. See also Attachs. A & B Banar Decl. [Dkt. 63-1 at pp. 13 (2.75 hours), 15 (6.5 hours), 18 (5.75 hours)]. Likewise, each of Mr. Deacon's fifteen time entries reflects time billed in one-hour increments. Attachs. A–C Deacon Decl. [Dkt. 63-2 at pp. 8–24]. CFTC's fee award should be reduced to compensate for inaccuracies that arise from counsel's routine use of billing increments greater than six minutes.

**E.      CFTC Attorneys Worked on Junior-Level Tasks.**

Finally, CFTC's fees should be discounted because counsel for CFTC billed senior-attorney rates for work that should have been delegated to junior attorneys or paralegals. In Does v. District of Columbia, this Court reduced the plaintiff's requested fee award by half on grounds that the partner hours on the matter in question were excessive as compared to hours billed by associates, paralegals and law clerks. 448 F. Supp.2d 137,144 (D.D.C. 2006).  In its decision, the Court explained that "a partner should be performing supervisory work." 448 F. Supp. 2d 137, 144 (quoting Adolph Coors Co. v. Truck Ins. Exchange, 383 F. Supp. 2d 93, 97 (D.D.C. 2005)).

In this case, CFTC's petition requests fees for work performed by Ms. Banar and Mr. Deacon, even though such work is ordinarily delegated to junior attorneys or support staff. Indeed, Ms. Banar is a Chief Trial Attorney in the Division of Enforcement of the CFTC with twenty-six years of legal experience. Banar Decl. ¶ 1. Notwithstanding her position and level of experience, she billed time for redacting and scanning exhibits— tasks that are ordinarily delegated to junior attorneys or support staff. Similarly, Mr. Deacon is a Senior Trial attorney with almost seventeen years of legal experience. Deacon Decl. ¶ 1. Notwithstanding his position and level of experience, Mr. Deacon billed multiple entries for legal research and initial drafting of motions and related documents—again, tasks that are usually delegated to junior attorneys or support staff. CFTC's petition is based on hourly rates from $460–$520, rates that are well-above the rates typically billed for junior associates, paralegals and support staff. To the extent CFTC seeks to be compensated for low-level work at top-level rates, the request should be denied and CFTC's fee award should be discounted accordingly.

**CONCLUSION**

For the reasons stated above, this Court should exclude from CFTC's fee award all attorney time that did not result from (*i.e.*, post-date) the Court's June 24 Order compelling discovery. The balance of claimed fees should be subject to an across-the-board discount as a result of deficiencies with CFTC's time entries and billing rates.

Respectfully submitted,

*/s/ A. Jeff Ifrah*
A. Jeff Ifrah (Bar No. 456661)
IFRAH PLLC
1717 Pennsylvania Ave. NW
Suite 650
Washington, DC 20006
(202) 524-4140
(202) 524-4141

*Counsel for Trade Exchange Network
Limited and Intrade the Prediction Market
Limited*

## <u>CERTIFICATE OF SERVICE</u>

I, A. Jeff Ifrah, hereby certify that on September 8, 2015, I filed Defendants'

Opposition to Plaintiff's Petition for Attorney's Fees with the Clerk of Court using the

Court's CM/ECF system, which will automatically send a notification of electronic filing

(NEF) to all counsel of record.


*/s/ A. Jeff Ifrah*

*Counsel for Trade Exchange Network
Limited and Intrade the Prediction Market
Limited*