UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> TRADE EXCHANGE NETWORK LIMITED, an Irish company, and INTRADE THE PREDICTION MARKET LIMITED, an Irish company, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 12-1902 (RCL) |

**PLAINTIFF'S STATUS REPORT TO THE COURT REGARDING ITS VOLUNTARY DISMISSAL OF COUNT III OF THE COMPLAINT**

On August 24, 2015, Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") and Defendants Trade Exchange Network Limited ("TEN") and Intrade the Prediction Market Limited ("Intrade") (collectively, "Defendants") submitted a joint report to the Court (Dkt. No. 64) in which, among other things, they informed the Court that counsel for the Commission would recommend to the Commission that it authorize them to dismiss Count III of the Complaint pursuant to Federal Rule of Civil Procedure 41(a) and that "[i]f for some reason Commission approval takes unusually long (*e.g.*, thirty days or longer from the date of this report), counsel for the Commission w[ould] provide an update to the Court as to the status of obtaining Commission approval for voluntarily dismissing Count III."

Subsequently, on September 17, 2015, the Commission authorized its counsel to dismiss Count III of the Complaint and counsel for the Commission prepared a joint stipulation of dismissal solely as to Count III to be signed by all parties with the intention of filing it with the

1

Court and, as such, obtained such a stipulation from Defendants' counsel.[1] Counsel for the Commission did so under the belief that, by filing a joint stipulation signed by all parties pursuant to Fed. R. Civ. P. 41(a)(1(A)(ii), only Count III of the Complaint would be dismissed, leaving the remainder of the Commission's claims that the Court already has found the Defendants liable upon, namely Counts I and II of the Complaint (Dkt. No. 61).[2] However, upon their additional review of Rule 41(a)(1)(A)(ii), counsel for the Commission now conclude that a joint stipulation cannot dismiss individual claims, like Count III, but can only dismiss an action in its entirety. *See Myer v. Nationstar Mortg. LLC*, 2014 WL 2095217, *1, Cause No. 4:14–CV–23–TLS (N.D. Ind. May 19, 2014) ("Rule 41(a)(1) speaks in terms of dismissing an 'action' but does not mention the dismissal of individual claims, and thus does not apply here." (citing *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 776 (7th Cir.2001) (noting that Rule 41(a)(1) speaks in terms of dismissing an action, not a claim).)

Thus, since it does not appear that only Count III can be dismissed through a joint stipulation and the Commission does not want to dismiss the entire action, the Commission is preparing and will file, promptly and no later than seven days from the date of this report, a motion pursuant to Rule 41(a)(2) seeking an order from the Court to dismiss only Count III of the Complaint against Defendants with prejudice. *See id.* (holding that courts have the power to enter an order pursuant to Rule 41(a)(2) to dismiss individual claims.) Counsel for the Commission has informed Defendants of their intention to file a motion to dismiss Count III with

---

[1] Indeed, the parties informed the Court in the Joint Report that, "Once the Commission approves the recommendation, the parties will submit to the Court a joint stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)."

[2] In the Joint Report, the parties' proposed to the Court a briefing schedule for the determination of the appropriate amount of disgorgement and civil monetary penalties that should be awarded for Defendants' liability on Counts I and II.

prejudice, and Defendants have informed the Commission that they will not oppose the relief sought by that motion, namely the dismissal by the Court of Count III with prejudice.

Dated: September 22, 2015

Respectfully submitted,

**ONE OF THE ATTORNEYS FOR PLAINTIFF U.S. COMMODITY FUTURES TRADING COMMISSION**

/s/ James W. Deacon

Kathleen Banar (Ill. Bar No. 6200597)
U.S. Commodity Futures Trading Commission
Division of Enforcement, 7th Floor
1155 21st Street, NW
Washington, D.C. 20581
Telephone: (202) 418-5335
Facsimile: (202) 418-5987
*kbanar@cftc.gov*

James W. Deacon (D.C. Bar No. 476216)
U.S. Commodity Futures Trading Commission
Division of Enforcement, 7th Floor
1155 21st Street, NW
Washington, D.C. 20581
Telephone: 202-418-5526
Facsimile: 202-418-5987
*jdeacon@cftc.gov*

## **CERTIFICATE OF SERVICE**

I, James Deacon, hereby certify that on September 22, 2015, I filed *Plaintiff's Status Report to the Court Regarding Its Voluntary Dismissal of Count III of the Complaint* with the Clerk of Court using the CM/ECF system, which will automatically serve an email notification of said filing on the following attorneys of record:

| | |
|---|---|
| A. Jeff Ifrah<br>IFRAH PLLC<br>1717 Pennsylvania Avenue, Suite 650<br>Washington, D.C. 20006<br>Telephone: (202) 524-4140<br>Facsimile: (202) 524-4141<br>*jeff@ifrahlaw.com* | Jeffrey R. Hamlin<br>IFRAH PLLC<br>1717 Pennsylvania Avenue, Suite 650<br>Washington, D.C. 20006<br>Telephone: (202) 524-4143<br>Facsimile: (202) 524-4141<br>*jhamlin@ifrahlaw.com* |

/s/ James W. Deacon

*One of the Attorneys for Plaintiff,*
*U.S. Commodity Futures Trading*
*Commission*