UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br>      Plaintiff,<br><br>      v.<br><br>TRADE EXCHANGE NETWORK LIMITED, an Irish company, and INTRADE THE PREDICTION MARKET LIMITED, an Irish company,<br>      Defendants. | Civil Action No. 12-1902 (RCL) |

## MEMORANDUM OPINION

This matter comes before the Court on the plaintiff's Motion for Attorneys' Fees [63]. Upon consideration of the record and applicable legal standards, the Court concludes that the plaintiff is entitled to attorneys' fees in the amount of $45,877.50.

### I. BACKGROUND

In this case, the plaintiff, Commodity Futures Trading Commission (the "Commission") brought suit against defendants Trade Exchange Network Limited ("TEN") and Intrade the Prediction Market Limited ("Intrade") for violations of the Commodity Exchange Act, 7 U.S.C. §§ 1 *et seq.* (2002), and the Commission's Regulations, 17 C.F.R. §§ 1.1 *et seq.* (2004). Compl. 1.

After over a year of litigation, the Commission filed a motion to compel in January 2014, asking that the Court order the defendants to cooperate in discovery and produce documents and interrogatory responses. ECF No. 25. The Court granted the Commission's motion to compel in June 2014 and ordered that the defendants fulfill their discovery obligations. ECF No. 33.

The defendants failed to timely produce responsive documents and complete interrogatory responses as ordered by the Court. Pl.'s Pet. Att'y Fees 2. Thus, the Commission filed a Motion to Show Cause and for Sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). ECF No. 35. In December 2014, this Court granted the plaintiff's Motion. ECF No. 37. The Court ordered the defendants to pay attorneys' fees incurred by the Commission as a result of the defendants' failure to abide by discovery obligations, including those expenses incurred in relation to: (1) the plaintiff's motion to compel production of documents and interrogatory responses [25]; (2) the plaintiff's reply to the defendants' opposition to the motion to compel [30]; and (3) the plaintiff's motion to show cause before the Court at that time [35]. *Id.*

After considering the defendants' response to the December 2014 order to show cause, the Court held the defendants in civil contempt. ECF No. 59. Additionally, the Court ordered the defendants to pay all attorneys' fees incurred by the plaintiff as a result of the defendants' failure to comply with the Court's order to compel [33], including expenses concerning: (1) the plaintiff's motion to show cause [35]; and (2) the plaintiff's reply to the defendants' response to the order to show cause [46]. *Id.*

In sum, the Court ordered the defendants to compensate the plaintiff for attorneys' fees incurred in relation to filings [25], [30], [35], and [46]. The Commission now comes before the Court requesting payment of these fees, which it calculates amount to $50,975. Pl.'s Pet. Att'y Fees 8. This figure consists of fees resulting from the work of Kathleen Banar, a Chief Trial Attorney in the Commission's Division of Enforcement, and James Deacon, a Senior Trial Attorney in the Commission's Division of Enforcement. *Id.* at 4. According to the Commission, Ms. Banar spent 48.5 hours and Mr. Deacon spent 57 hours on documents [25], [30], [35], and [46] and the Petition for Attorney's Fees [63]. *Id.*

In support of its memorandum, the Commission has provided declarations from Ms. Banar and Mr. Deacon, consisting of time sheets created by the attorneys and explanations of the time spent, as well as an updated version of the "*Laffey* Matrix." *Id.* at Exhibits 1–4. The Commission utilizes the *Laffey* Matrix to determine the reasonable hourly rates of Ms. Banar and Mr. Deacon's work, and the defendants do not oppose the use of the *Laffey* Matrix in this regard. *Id.* at 5–6; *see also* Def.'s Opp. Pl.'s Pet. Att'y Fees (failing to challenge use of the *Laffey* Matrix).

According to the Matrix, a reasonable hourly rate for Ms. Banar, who has practiced law for over twenty-six years, is $510 per hour for the work she conducted on the Commission's Motion to Compel [25] and Reply [30] from June 2013–May 2014 and $520 for the work she performed in preparing her Declaration in Support of the Petition [63] from June 2014–May 2015. Pl.'s Pet. Att'y Fees 6–7. Based on the Matrix, a reasonable hourly rate for Mr. Deacon, who has practiced law for seventeen years, is $460 per hour. *Id.* at 7.

## II.   LEGAL STANDARDS

Attorneys' fees awarded for a violation of Rule 37 are calculated using the lodestar method: a reasonable hourly rate multiplied by a reasonable number of hours expended. *Cobell v. Norton*, 231 F. Supp. 2d 295, 300 (D.D.C. 2002).

In order to be considered reasonable, the hourly rate must be in line with rates charged by other attorneys in the community of comparable skill, reputation, and ability. *Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 16 (D.C. Cir. 1984). District of Columbia courts generally accept the Matrix from *Laffey*, in updated form, as an accurate reflection of the reasonable hourly rates of attorneys within the District. *See Bode & Grenier, LLP v. Knight*, No. 08-1323 DAR, 2014 WL

1199361, at *1 (D.D.C. Mar. 25, 2014) ("With respect to the prevailing market rates for 'complex federal litigation,' courts in this Circuit often utilize the *Laffey* matrix. . . .").

The hours expended must also be reasonable in light of the circumstances. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983) (stating that courts should omit from their fee calculation hours that were not "reasonably expended"). The requesting party "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.*

Accordingly, the party requesting attorneys' fees must demonstrate that they exercised billing discretion in their computation of the requested amount. *See Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) ("In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."); *see also Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010) ("[T]he lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case."); *In re Johnson & Johnson Derivative Litig.*, No. 10-2033(FLW), 2013 U.S. Dist. LEXIS 180822, at *33 (D. N.J. June 13, 2013) (stating that courts must exclude hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel").

The moving party bears the burden of proving that the requested amount of attorneys' fees is reasonable. *Kister v. D.C.*, 229 F.R.D. 326, 329 (D.D.C. 2005). Courts have discretion to adjust the amount requested in light of specific objections by the opposing party. *Id.*; *Nat'l Ass'n*

*of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982); *see also Hensley*, 461 U.S. at 433–37 (stating that courts have broad discretion to determine the reasonableness of fees in light of the circumstances surrounding the case). Additionally, courts are permitted to reduce a fee by a percentage if "a large number of entries suffer from one or more deficiencies." *DL v. D.C.*, 256 F.R.D. 239, 245 (D.D.C. 2009).

### III. CHALLENGE TO THE SCOPE OF FEES REQUESTED

In their opposition to the Commission's motion for attorneys' fees, the defendants argue that the plaintiff's claimed hours include time spent on non-compensable tasks. Def.'s Opp. Pl.'s Pet. Att'y Fees 3–4. Specifically, defendants claim that the Commission is only entitled to fees that it incurred following the June 24th order [33]. *Id.* The defendants' opposition, however, fails to take into account this Court's first attorney fee order [37], under which the plaintiff has not yet been compensated. Thus, the defendants' argument on this point is unavailing.

The plaintiff has only requested fees incurred during preparation of documents explicitly listed in this Court's *two* awards of attorneys' fees, in addition to fees incurred during preparation of its Petition (which the defendants did not directly address and the Court finds acceptable under *Tequila Centinela v. Bacardi & Co.*, 248 F.R.D. 64, 72 (D.D.C. 2008) ("[T]ime reasonably devoted to obtaining attorney's fees in the context of litigation where the court must be petitioned for such an award is itself subject to an award of fees.")). Consequently, the Commission's petition is not over-inclusive in this respect.

### IV. JUNIOR-LEVEL WORK CHALLENGE

The defendants also claim that the Commission's counsel, senior-level attorneys, conducted work that should have been done by junior-level attorneys. Def.'s Opp. Pl.'s Pet.

Att'y Fees 8. Thus, the defendants argue that the Commission's claimed hourly rates are inappropriately high. *Id.*

### A. Legal Standard

Counsel requesting attorneys' fees may not charge an adversary lofty hourly rates for clerical or routine tasks conducted by senior-level attorneys. *See Brown v. Pro Football*, 839 F. Supp. 905, 913 (D.D.C. 1993) ("A Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn." (quoting *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983))). A requesting party with a different structure and less resources than large private law firms may not use this "as an excuse for generating high rates for tasks that could be performed by less experienced and therefore less expensive attorneys." *In re Johnson*, 2013 U.S. Dist. LEXIS 180822, at *109–10. "Time spent by high-priced senior lawyers on tasks that junior lawyers could have performed more economically, should be striken from a 'reasonable' attorney's fee award." *Brown*, 839 F. Supp. at 913.

### B. Application

This Court recognizes that counsel for the current plaintiff is not readily comparable to a private law firm. Pl.'s Reply Def.'s Opp. 10. Unlike private firms, the Commission assigns cases to individual attorneys who do not have support staff to whom they can delegate tasks. *Id.* If the Court awards the Commission fees reflecting Ms. Banar and Mr. Deacon's high hourly rate, however, it cannot award fees resulting from junior-level work, irrespective of the Commission's dissimilarity to a private firm. The Commission is still expected to exercise billing discretion and only charge fees to its adversary that a private firm would hypothetically charge to a client.

Thus, the Commission's time sheets must adequately demonstrate its exercise of reasonable billing judgement. Its documentation must be detailed enough for the Court to

6

determine that only senior-level work was billed for at the high hourly rates requested. This brings the Court to the defendants' final set of challenges to the Commission's petition, related to the alleged vagueness of the Commission's time entries. Def.'s Opp. Pl.'s Pet. Att'y Fees 5–7.

## V. VAGUENESS CHALLENGES

### A. Legal Standard

Applications for attorneys' fees must be supported by documentation "of sufficient detail and probative value to enable a court to determine with a high degree of certainty that such hours were actually and reasonably expended." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004); *see also Woodland v. Viacom, Inc.*, 255 F.R.D. 278, 281–82 (D.D.C. 2008) (stating that the petition "must be sufficiently detailed to permit the district court to make an independent determination of whether or not the hours claimed are justified").

It is insufficient to provide "very broad summaries of work done and hours logged." *Nat'l Ass'n of Concerned Veterans*, 675 F.2d at 1327. Time sheets accompanying requests for attorneys' fees should not list multiple tasks in a manner that makes it difficult for the court to review the entries' reasonableness. *See In re Olson*, 884 F.2d 1415, 1428–29 (D.C. Cir. 1989) ("[D]eficient specifications make it impossible for the court to determine, with any degree of exactitude, the amount of time billed for a discreet activity where the lawyer in question billed for more than one activity in a day.").

### B. Application

Documentation submitted by the Commission, while generally explaining the work done and the hours expended, does not provide adequate detail for the Court to properly evaluate the reasonableness of claimed hours. Most of Ms. Banar and Mr. Deacon's time sheets simply state broad overviews of the work conducted, such as "Research re: civil contempt." Pl.'s Pet. Att'y

Fees, Exhibit 2, at 8. Some of the time sheets also group together tasks that clearly could have been conducted by support staff (such as filing briefs with the court) with tasks potentially appropriate for senior-level attorneys. *See, e.g., id.,* Exhibit 1, at 19 (describing the tasks conducted by Ms. Banar over an eight-hour period to include: "working on finalizing/editing reply brief; research re same; filed same"). Though the declarations of Ms. Banar and Mr. Deacon provide a bit more detail regarding the work done and the hours included in the Commission's requested fee amount, they still do not adequately demonstrate to the Court that the Commission exercised sufficient billing discretion.

Though counsel for the Commission may not be able to delegate administrative tasks or routine legal research to lower ranking associates, if the Commission wishes to "bill" the defendants at Ms. Banar and Mr. Deacon's hourly rates according to the *Laffey* Matrix, it cannot include minor tasks conducted by counsel that would have been conducted by support staff or junior associates at a law firm. Documents submitted by the Commission are too vague for the Court to determine with the requisite level of certainty that all of the hours claimed are not excessive and would have been properly billed to a hypothetical client at the set hourly rate.

Because the Court cannot determine that all of the requested hours are reasonable in light of the set hourly rates, the Court will reduce the Commission's requested fees by 10% to offset potential over-charging.

## VI. CONCLUSION

For the foregoing reasons, the plaintiff's motion [63] for attorneys' fees will be GRANTED in part and DENIED in part. Plaintiffs will be awarded a total of $45,877.50.

A separate order shall issue this date, November 9, 2015.

*Royce C. Lamberth*

ROYCE C. LAMBERTH
United States District Judge